matter; and where that is the case the credibility of the witness may be assailed by showing a contrary statement made elsewhere. (*Carpenter* v. *Ward*, 30 N. Y. 243 ; *Schell* v. *Plumb*, 55 id. 592 ; *Patchin* v. *Astor Mut. Ins. Co.*, 13 id. 268.)  The cross-examination of the witness was not as to immaterial matter.  It was upon an occurrence vital to the issue of payment, and to the testimony upon that issue which the witness had given on his direct examination.  We think, therefore, the evidence of O'Neill was competent, and no error was committed in its admission."

*S. W. Jackson* for appellant.

*D. C. Beattie* for respondent.

Finch, J., reads for affirmance.
All concur, except Tracy, J., absent.
Judgment affirmed.

---

William W. Wright, Appellant, *v.* Nelson O. Tiffany, Respondent.

(Argued December 8, 1882 ; decided December 15, 1882.)

*Frank R. Perkins* for appellant.

*George Wadsworth* for respondent.

Agree to affirm on opinion below.
All concur, except Tracy, J., absent.

---

In the Matter of the Application of Joseph Mathews, General Guardian, etc.

(Submitted November 28, 1882; decided December 15, 1882.)

*B. C. Chetwood*, appellant, in person.

*C. N. Bovee, Jr.*, for respondent.

Agree to affirm. No opinion.
All concur, except TRACY, J., absent.
Judgment affirmed.

---

MARY DEVLIN, Administratrix, etc., Respondent, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant, et al., Respondents.

(Argued December 12, 1882 ; decided December 15, 1882.)

*Willard Bartlett* for appellant.

*T. C. Cronin* for respondents.

Agree to reverse, and matter remitted to General Term to pass upon the merits. No opinion.
All concur, except TRACY, J., absent.
Ordered accordingly.

---

JOHN MACHIN, Respondent, *v.* The LAMAR FIRE INSURANCE COMPANY, Appellant.

THE SAME, Respondent, *v.* THE MANUFACTURERS' INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellant.

(Argued October 9, 1882 ; decided December 28, 1882.)

THESE were actions upon policies of fire insurance.
The prominent questions presented, with the facts pertinent thereto, appear in the following extract from the opinion:
" The building destroyed contained, among other things, a cider press, with the tools, machinery and implements connected therewith, besides a large number of other tools.
"Among the questions sharply litigated upon the trial was that of over-valuation of the property destroyed, particularly the tools, implements and machinery in the building.
" The plaintiff had caused a list to be made by one Herrick, a machinist, containing a large number of articles of machinery, parts of machinery and tools, with the prices carried out